UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD P. MACHIELE,

       Plaintiff,

                                                            File No.  1:13-CV-624

v.

                                                           HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                    /

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       This action comes before the Court on Plaintiff Richard P. Machiele's objections to the Magistrate Judge's June 18, 2014, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") be affirmed.  (ECF No. 20, R&R; ECF No. 22, Obj.)  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

       Plaintiff contends that the R&R fails to properly apply the treating physician rule to the opinions of Dr. Seely and Dr. Lemke.  With respect to Dr. Seely, Plaintiff contends that the R&R failed to address the following deficiencies within the ALJ's decision:  the ALJ only considered one of the § 404.1527(c) factors, consistency; the ALJ selectively cited

portions of the treatment records that were purportedly inconsistent with Dr. Seely's opinion; and the ALJ totally rejected Dr. Seely's opinion and failed to account for Plaintiff's well-established limitations in dealing with work stress and maintaining concentration.

Although an ALJ is required "to provide 'good reasons' for discounting the weight given to a treating-source opinion," *Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 29 U.S.C. § 404.1527(c)), there is no requirement that the ALJ address each of the § 404.1527(c) factors in her opinion. The ALJ's reasons must simply be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (quoting Soc. Sec. Rul. No. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The ALJ in this case has done so. The ALJ gave the following rationale for discounting Psychologist Seely's opinion that Plaintiff had "extreme limitations" in dealing with work stress and in social functioning:

> I give little weight to this opinion, as it is inconsistent with Dr. Seely's own treatment records. Dr. Seely's records indicate that the claimant experienced a dramatic improvement in his condition after starting taking medication and stopped using drugs (6F). The claimant appeared calmer and more stable, and was able to develop a stable relationship with a woman.

(Tr. 23.) This is not like the conclusory opinion rejected in *Parker v. Commissioner*, No. 1:12-CV-1399, 2014 WL 642244 (W.D. Mich. Feb. 19, 2014) (Neff, J.), where the ALJ simply stated that he gave the treating physician opinion limited weight "because it is not supported by the objective medical evidence which revealed no significant abnormalities."

*Id.* at *7. Here, the ALJ's explanation for giving limited weight to the treating psychologist's opinion is not so conclusory. It is specific enough to permit meaningful review. Moreover, contrary to Plaintiff's assertions, the ALJ did not totally reject Dr. Seely's opinion. As stated in the ALJ's opinion, she gave Dr. Seely's opinion limited weight. This is reflected in her RFC, which reduced Plaintiff's interaction with coworkers and the public. The ALJ simply rejected the suggestion that Plaintiff was incapable of all work activity.

Plaintiff also contends that the Magistrate Judge erroneously substituted his reasoning for that of the ALJ. According to Plaintiff, the R&R's finding that Dr. Seely's opinion was not supported by the record as a whole (R&R 11) is impermissible because the ALJ made no finding regarding that Dr. Seely's opinion was not supported by the record as a whole. Plaintiff contends that the Court's role is to determine whether the ALJ's explanation for discounting Dr. Seely's opinion was based on substantial evidence, not to undertake and after-the-fact rationalization for the ALJ's conclusion. *See Parker*, 2014 WL 642244, at *8 ("[T]he task of articulating the rationale for discounting a treating physician's opinion rests with the ALJ.").

Plaintiff's objection is not well-taken. It is based on the contents of one isolated paragraph from the ALJ's opinion. The Magistrate Judge did not substitute his reasoning for that of the ALJ. In the paragraph immediately preceding the ALJ's discussion of Dr. Seely, the ALJ rejected Dr. Lemke's opinion that Plaintiff had extreme limitations in dealing with work stress because it was not consistent with the medical evidence of record and the

3

claimant's activities of daily living. (AR 23.) In other words, the ALJ's rejection of Plaintiff's argument that he could not handle work stress was based on her consideration of the whole record. The ALJ was not required to repeat that finding in conjunction with her discussion of Dr. Seely. The Magistrate Judge correctly determined that the ALJ provided "good reasons" for discounting Dr. Seely's opinion.

With respect to Dr. Lemke, Plaintiff objects to the R&R's failure to find a deficiency in the ALJ's treatment of Dr. Lemke's treating source opinion. The ALJ gave "some weight" to Dr. Lemke's opinion that Plaintiff needs a sit/stand work option because it was consistent with the medical evidence of record and Plaintiff's testimony. (AR 23.) However, the ALJ determined that "the other limitations provided by Dr. Lemke are inconsistent with the mild objective test and Dr. Lazzara's observations during the consultative examination. (*Id.*) Plaintiff contends that the ALJ's reliance on Dr. Lazzara's single consultative examination and on an unidentified objective test does not satisfy the ALJ's obligation to provide "good reasons" for discrediting Dr. Lemke's treating source opinion.

Here, again, Plaintiff has improperly isolated a single paragraph from the ALJ's decision. Elsewhere in the decision, the ALJ discussed the April 2009 imaging study that revealed only mild degenerative changes and a lack of evidence of nerve root impingement, and her determination to give Dr. Lazzara's opinion some weight, to the extent it was consistent with the April 2009 imaging study. (AR 21, 23.)

Plaintiff also contends that the ALJ failed to provide a sufficient explanation of the weight afforded to Dr. Lemke's opinion regarding Plaintiff's mental limitations. The ALJ gave "little weight" to Dr. Lemke's opinion on Plaintiff's mental limitations because it was "inconsistent with the medical evidence of record and the claimant's activities of daily living" and because Dr. Lemke did not see Plaintiff often and did not focus on mental health treatment. (AR 23.) Plaintiff contends that this explanation is insufficient because the ALJ did not identify the medical evidence and daily activities that were purportedly inconsistent with Dr. Lemke's opinion. Again, Plaintiff's criticisms result from focusing on a single paragraph in isolation. When the ALJ's opinion is read as a whole, there is ample discussion of the medical evidence and daily activities that the ALJ relied on. (AR 21, 22.) The Court is satisfied that the ALJ provided "good reasons" for discounting Dr. Lemke's opinions. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 20) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.


Dated: August 18, 2014                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE